ANGELINA V. BURNHAM, Administrator, *vs.* THE NEW YORK, PROVIDENCE & BOSTON RAILROAD COMPANY.

A motion for judgment *non obstante veredicto* is technically proper only when made by a plaintiff after verdict for the defendant.
*Ballou* v. *Harris,* 5 R. I. 419; *O'Donnell* v. *Providence & Worcester R. R. Co.* 5 R. I. 211, explained.

TRESPASS ON THE CASE.  On defendant's petition for a new trial, and motion for judgment *non obstante veredicto.*

*November* 28, 1891.  PER CURIAM.  The court is of the opinion that the time occupied by the switching engine in crossing from the north to the south bound track, and in moving down to a position south of the Branch Bridge at a rate of speed so slow as to permit the brakeman, Cashman, to get on and off, necessarily shows that the danger signal at Station No. 8 must have been set and showing red before the approaching steamboat train had reached a point so near to it that the deceased could not have seen it had he been looking.  If it was set, it was his duty to have seen it and to have heeded it.  If he did not see it when he might have done so, or seeing it did not heed it, he was guilty of negligence, and the verdict was against the evidence.

The court does not think the defendant's motion for judgment *non obstante veredicto* should be granted.  Such a motion is technically properly made only by a *plaintiff* when a verdict has been rendered for the defendant.  *Tillinghast* v. *McLeod, ante,* p. 208, and cases cited.  The court cannot assume that the testimony upon another trial, should it be had, would be the same as at the last.

In *Ballou* v. *Harris,* 5 R. I. 419, and *O'Donnell* v. *Providence & Worcester R. R. Co.* 5 R. I. 211, there were no motions for judgment *non obstante veredicto,* but the court, upon petitions for new trials, gave judgment for the defendants notwithstanding the verdicts, because of its opinion as a matter of law that in no state of the evidence could the plaintiffs be entitled to recover.

*Petition for new trial granted.*

*George J. West,* for plaintiff.
*Walter B. Vincent,* for defendant.